UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
ODILJON TURSUNOV,

                        Plaintiff,

           -against-

JANET ANN NAPOLITANO, ALEJANDRO
MAYORKAS, ERIC HIMPTON HOLDER, JR.,
and ROBERT S. MUELLER, III,

                        Defendants.
---------------------------------------------------------------------X

**ORDER**

**12-CV-05902 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Odiljon Tursunov filed this action on November 29, 2012, seeking an order directing United States Citizenship and Immigration Services ("USCIS") to adjudicate a Form I-526 immigrant petition filed by Plaintiff. (Compl. (Dkt. 1).) On February 8, 2013, USCIS issued a decision denying that petition. (Def. Ltr. (Dkt. 7) at 2-14.) Accordingly, Defendants argue that Plaintiff's action should be dismissed as moot. (Id. at 1.) Defendants are correct, and their request for dismissal is GRANTED.

"When the parties lack a legally cognizable interest in the outcome of a case, the case is moot and federal courts lack jurisdiction over it." Feng Lin v. Holder, No. 12-CV-4245 (NGG), 2013 WL 3967296, at *3 (E.D.N.Y. Aug. 1, 2013) (citing Muhammad v. City of N.Y. Dep't of Corr., 126 F.3d 119, 122 (2d Cir. 1977)). "Federal courts' inability to review a moot case 'derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" Id. (quoting DeFunis v. Odegaard, 416 U.S. 312, 316 (1974).) Where, as here, a plaintiff seeks to compel immigration authorities to adjudicate an application regarding immigration and the application is thereafter adjudicated, the

1

case becomes moot and must be dismissed for lack of subject matter jurisdiction. See id. (citation omitted).

After Plaintiff's Complaint was filed seeking an order compelling USCIS to issue a decision on his application, USCIS rendered a decision denying Plaintiff's application. (Def. Ltr. at 2-14.) Therefore, the Complaint no longer presents an actual dispute, the court does not have jurisdiction over it, and Defendants' motion to dismiss the Complaint as moot must be granted. See Feng Lin, 2013 WL 3967296, at *3.

For the reasons set forth above, Defendants' motion to dismiss is GRANTED. The court orders that this action is DISMISSED and directs the Clerk of Court to enter judgment accordingly.

SO ORDERED.

Dated: Brooklyn, New York
August 7, 2013

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge